Harper, J.
This is evidently a mere formal defect, which could only be taken advantage of by special demurrer, under the statutes 27 Eliz. c. 5, and 4 Ann, c. 16, and which would be cured by a verdict. It is said in Chitty’s Treatise on Pleading, vol. 1, p. 257: “ But when the plaintiff’s name has by mistake been inserted in place of the defendant’s, or vice versa, the declaration will be bad upon special demurrer, though it is aided by verdict, general demurrer, by the statute of Jeofails.” So in Comyn’s Digest, tit. Action upon the case, Assumpsit, H. 3. “ So if it be-said that the defendant, being indebted for money received to the use of the defendant, (for the plaintiff) it is good after verdict.”
“So-if it be said the plaintiff assumed, (where it should bo the defendant) it shall be aided after verdict as a mistake of the clerk, where the plaintiff and defendant were well named before.”
In this case the plaintiffs and defendant were well named before. The declaration sets out that “ Alexander Vernon was attached to answer John M’Lure, Thomas M'Lure and Adam Cooper, of a plea of trespass on the case, and so forth, and" thereupon the said plaintiffs complain, for that whereas the said Alexander, &c.”
In Morgan v. Sargent, one of the bail of Owens, (1 Bos. & Pal. 58,) the declaration, after reciting the writ, &c. proceeded, “ by reason of which premises, and by force of the statute, &c. an action hath accrued to the said T. Morgan, as assignee, &c. to demand and have of the saidT. Owen the said sum of £40, above demanded: Nevertheless the said T. Owen, although often required, hath not paid, &c.” — inserting Owen’s name for that of the defendant. There was a special demurrer. Chief Justice Eyre said, “you must argue it as a mere point of form; if you attempt to argue it on the substance, you must fail. This is a slip in form ; but it is always the best way to made the party pay for this kind of slip, if advantage is taken of it by special demurrer.” See also Harvey v. Stokes, Willes, 8, 9.
*422 In this case, however, the defendant could not have demurred specially. There had been an order for judgement by default against him, which he could only sot aside by pleading issuably, and the rule is that where the defendant is under terms of pleading issuably, no formal defect can be assigned as cause of demurrer'. 1 Chit. Pl. 642.
The motion is granted.
Johnson and O’Neall, Js. concurred.